IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO RICHARDSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:12-cv-409 |
| RONALD COLSON, Warden, | ) ) Judge Trauger |
| Respondent. | ) ) |

### ORDER

The court entered an order denying petitioner Antonio Richardson's habeas petition under 28 U.S.C. § 2254 and dismissing the matter on July 9, 2012. The petitioner has now filed a Notice of Appeal.

Sixth Circuit Internal Operating Procedure 5.1 provides that a $450.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action *in forma pauperis*, pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997) ("[A] prisoner who is unable to pay the required filing fees may seek leave to file an appeal in a § 2254 or § 2255 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. . . ."). Rule 24(a) states that a party who seeks to appeal *in forma pauperis* must file a motion in the district court, and must attach to the motion an affidavit that (1) demonstrates in detail the plaintiff's financial inability to pay or give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues the party intends to present on appeal. Accordingly, the petitioner is **DIRECTED** to submit either the $455 filing fee or his motion to appeal *in forma pauperis* in compliance with Rule 24(a) within **30 DAYS** of the date this order is entered on the docket.

The court again notifies the petitioner that he will not be permitted to pursue his appeal unless a circuit justice or judge or a district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). This court already declined to issue a certificate of appealability. Under these circumstances, the "the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1). Pursuant to Rule 22(b)(2), because the petitioner did not address a specific request for a certificate of appealability to the Sixth Circuit Court of Appeals, his notice of appeal "constitutes a request addressed to the judges of the court of

appeals."

The Clerk of Court is **DIRECTED** to provide notice of this order to the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

                                             _____
                                             Aleta A. Trauger
                                             United States District Judge

-2-

Case 3:12-cv-00409   Document 17   Filed 07/24/12   Page 2 of 2 PageID #: 1181

-2-

Case 3:12-cv-00409   Document 17   Filed 07/24/12   Page 2 of 2 PageID #: 1181